May it please the Court and Counsel, my name is James Patton and I'm here representing Bonnie Snavely. Your Honors, this case concerns the preclusive effect of a variety of bankruptcy court orders and whether those orders preclude Snavely from later asserting prescriptive easement claims on property that was otherwise involved in the bankruptcy. Specifically, the orders relate to... And you are Snavely's lawyer at this time, is that right? Yes, I am, Your Honor. Why ordinarily if you have a prescriptive easement that's, that is in dispute for some reason, you sue in state court to acquire the title. I would expect, but I don't know of lack of experience in bankruptcy, that once the defendant is protected by the bankruptcy stay, instead you bring some sort of proceeding in the bankruptcy court to effectively acquire a title in your easement or else you ask the bankruptcy court for relief from the stay so that you can do it in state court. In this case, no such proceeding was instituted, and when the bankruptcy court, albeit in excess of what the motion asked for, wiped out encumbrances on the land, no appeal was taken. Why isn't that the end of it? Your Honor, the bankruptcy proceedings involve claims, and the bankruptcy court instructed Snavely to file a proof of claim. And a claim has a particular meaning in bankruptcy, and it means a right to payment of money. I agree, it's not that kind of claim, but creditors who have property interests that are not in the nature of claims also proceed in bankruptcy court. For example, a rent-to-own furniture company will try to get its furniture back on the ground that it owns the furniture and was just leasing it. Or, Your Honor, a rent-to-own furniture company can ride through the bankruptcy and wait until the bankruptcy is done and then reclaim its furniture. And so I think that analogy is somewhat similar to what we have here. The easement is a burden on the bankruptcy estate's land. It's not a claim in the context of a bankruptcy. And so it sits there much like a lien would otherwise sit in a bankruptcy and ride through, if not otherwise addressed in the bankruptcy. But once you have an order from the bankruptcy judge saying you don't have a lien, don't you have to do something about it? Absolutely, Your Honor. But I would submit that the bankruptcy court order, when it added the term encumbrance, didn't include or embrace claims such as assertions for prescriptive easements. The prescriptive easement, I agree, it's not a claim for money, but isn't it an encumbrance? Yes and no. Well, you know, I have a trouble with the claim that this was an easement. This was a claim to a prescriptive easement. A prescriptive easement has to be established either by judicial decision or an easement has to be by a grant. Now, you have to go to court and establish continuous, notorious use and contrary to the owner's wishes that you have used them continuously for the limited period of time required by law before it becomes an easement. All your client had was a claim that she had the necessities to establish a prescriptive easement, which she had never sought to do. And when the notice by the bankruptcy court that she received stated that it was, the court was going to sell this property free of any liens or encumbrances in accordance with the statute that was mentioned in the notice, that statute provides certain exception. And it seems to me, put your client on notice that her claim to a prescriptive easement was in jeopardy if she didn't do something. Well, Your Honor, the motion that was filed was to sell it free and clear of liens. So the motion and the proceeding before the bankruptcy court didn't say or have anything to do with encumbrances. And it was after the hearing when the judge issued his order that the phrase and encumbrances got tacked on to the relief that the debtor had sought. But, Your Honor, if you look at the bankruptcy code, you will not find the word encumbrance in the bankruptcy code. And encumbrance is a vague and it's an ambiguous term. If you read all of the cases, the bankruptcy cases that have the word. So what's the significance of that? Well, the significance. Assuming it's true, what's the significance of that? The significance is that, and this gets back to Judge Kleinfeld's question, and that is that a claim for a prescriptive easement is not an encumbrance within the context and within the parlance, the bankruptcy parlance, of liens and encumbrances. An encumbrance is an interest. The bankruptcy code permits sales of property free and clear of interest. But if you look at Section 363, nowhere does it say that you can sell it free and clear of liens and encumbrances. It's only free of interest. The motion itself sought to sell it free of liens. Easements can ride through on a sale. Typically, they do ride through on a sale. The transferor can base the property subject to all of the encumbrances that may, excuse me, all of the easements that may exist. The buyer gets the property subject to those easements. Liens are a little bit different. They're cleaning off liens that the secured creditors claimed on this to the sale proceeds. That's a fairly customary bankruptcy procedure. And that's exactly what the debtor asked to do. He asked to sell the property free and clear of liens. If he had said, I want to sell the property free and clear of interest, then it would have given Snavely some reason to object because she had an interest that would be subject to that motion, namely her claims for an easement. That's not the relief that the debtor sought, and I would submit that that's not the relief that the bankruptcy court ordered by adding the term and encumbrances onto its order. Did Snavely have notice of the order that said and encumbrances? Yes. But Your Honor, if you look at all of the reported decisions that are bankruptcy decisions and they use the phrase encumbrance, it's always used interchangeably with liens. So when there's a sale free and clear of liens and encumbrances, all of the practice in bankruptcy is that they mean one and the same thing. They don't mean easements. If the sale had been free and clear of interest, then the outcome might be different. But it doesn't say interest. It says free and clear of liens and encumbrances. It doesn't say free and clear of any interest under 11 U.S.C. 363-F. Any interest? I don't think that's what the order says, Your Honor. I think it says it's free and clear of liens and encumbrances, and then it refers to section 363-F. If a easement was an interest, excuse me, if the easement was affected and was included in the motion, then they couldn't have obtained the relief under section 363-F because 363-F requires that certain criteria be met. And one of them is that the I believe it's 363-F-4. It says that only if an interest, they can sell it free and clear of the interest only if the interest is in a bona fide dispute. If there's no dispute about the interest, then they couldn't meet the criteria under section 363, and the sale couldn't have been approved. Wasn't there a dispute about whether Snavely owned prescriptive easements or not? No. I don't believe there was, Your Honor. Now, Yellowstone-Fly contends that there was a dispute as a matter of law because you need a dispute in order for a prescriptive easement to arise. Yellowstone-Fly has never said that, in fact, there was a dispute. They simply say, legally, under the creation of a prescriptive easement, as Judge Rafferty explained, requires adversity and hostile use and so forth, and that therefore that evidence is a dispute. However, in Montana and probably elsewhere, if the criteria for the establishment of a prescriptive easement I mean, she was using these roads, and I think it was something about water, too, with no dispute from the owner of the Serbian tenement? Yes, Your Honor. The plain easements were one-fourth of driveway. There were a couple of roads across the ranch. There was a plain easement for a water well, and a plain easement for a door. What would you mean, access to the water well? What is the nature of the easement? It's not clear, you know, from reading these briefs. What is the right, you know, an easement is the right to use someone else's property. Please specify for me what, how the, your client was, is claiming, to what rights did she claim to have to use the other property, specifically? She had the right to access it. For what purpose? The driveway to her residence? Yes. The residence that she, she used this road to get to her residence? Yes. And what's the other purpose? Another one, another one was a road that extended to her residence, across, versus, across CCBD, another parcel of land, you know, that was separated by a road. Well, what was the purpose of that? What, what? Well, was this ranch landlocked, and was this her only access to it? That turns out to be her only access, unless she tries to turn it around, and comes back. It is not landlocked. Wait, unless, you mean she can't get to her ranch without this driveway and road? Bear in mind, Your Honors, this was a family ranch, and it was divided up, and there were pieces taken out of the middle of it. Snavely and, and Miller brothers, wait a minute. That's a yes or no question. Is, is, can she get there, elsewhere? She can get to her house without going on to her neighbor's property, without using the only driveway, which she did on the 17th. Okay, so she's not landlocked. Tell me, tell me, let's suppose that you're right on this, that the trustee was just plain wrong, and without power, under 11 U.S.C. 363-F, to direct the sale of the ranch free and clear of her prescriptive easements. Let's go with you that far, hypothetically. I still don't understand why those aren't encumbrances, and why she didn't have to appeal when the trustee ordered the sale free of encumbrances. Because, because there are encumbrances, and easements, that that doesn't work the same way. Well, what you told me there, I was thinking about it. You said what encumbrances meant was liens. But what the order said was free and clear of liens and encumbrances. So that means either it's redundant, either and encumbrances means nothing whatsoever, or it means something different from liens. But you say it means the same thing as liens. I would suggest, Your Honor, that it is redundant. It's a phrase that is commonly used in bankruptcy. Can you give me some authority for encumbrances? Just means liens. It doesn't mean easements. I'm thinking ordinary residential bankruptcy. The power company is often one of the creditors, and they often have an easement for their power line, and I would guess that they're pretty watchful in case the judge accidentally wipes out their power line easement. Your Honor, I've read this almost 24 times. I'm dealing with it all the time. So what you're saying is she had a driveway to her house. It's a five-year prescriptive easement period in Montana. She'd been using the driveway more than five years. It's adverse because it's across somebody else's land. That's what it takes for a prescriptive easement, and there had been no dispute because no one had ever said you can't have your driveway. So the trustee simply couldn't under 363 say, well, it would be more efficient to sell the ranch without the driveway, so the driveway goes. Have I got the concepts right here? Conceptually, that's right, but I think I can refine it a little bit. Look at the problem. You sell it for three acres. If you were dumb, no, you didn't do that. All you proposed was to sell it for three acres. But the judge said encumbrances, and you're saying encumbrances just means liens. It's just encumbrances. And I think that's what the authorities that have the order meant. The effect of those. I'd like to ask you about this partition action that your client was a party to. She was a party to that, was she not? Yes. Doesn't Montana law require that a defendant in a partition action bring any interest in property before the court in the partition action? Yes. And if she did not assert the existence of this easement during the partition action, did she? No. The partition action is not related to the property where these road easements went, but to the property where the water well was and where the irrigation water would have been taken from. And I would concede that her claim for the easement to her water well and for the irrigation water should have been brought in the partition action. But that partition action had nothing to do with her being subject to access either to her house or across these parcels CC and DD. So the partition action. In other words, that land over which her road runs was not subject to this partition at all? No, it was not. It was not. All right. I'd like to reserve the remainder of my time for rebuttal if I could. Thank you. Thank you. Thank you. May it please the court, my name is Quentin Rhodes. I'm here on behalf of Yellowstone Fly. I think the record will reflect that counsel for Miller has contacted the clerk to waive Miller's time and defer to Yellowstone Fly's argument with respect to oral argument. Where I'd like to begin. Whose lawyer are you now? Yellowstone Fly, LLC. Yellowstone, the developer? Yes, sir. I represent the folks who purchased the property from the bankruptcy estate. And as I said. Your basic argument is that the appeal is moot, correct? Yes, Your Honor. That's one of our arguments. And as I said, I think that I'd like to begin where this case ought to end. And that is with a determination of mootness. The underlying order, the 363F order that's been discussed, was appealed by appeal went up, and it was dismissed as moot. The case number on that is 03-35788. And that dismissal as moot was subject to reconsideration, was fully briefed on reconsideration, and last July, reconsideration was denied. So Snavely did have the opportunity to challenge the sale free and clear of liens and encumbrances and any other interest that she might have in the land. In fact, she took that opportunity to appeal that order. And because the land was sold, and because she did not obtain a stay of the order, and because the money was paid to the bankruptcy estate, and because the money was distributed to creditors, it was dismissed as moot. And it's our view that this case, or this appeal, ought to be dismissed as moot as well. The reason why this particular appeal is moot is that the bankruptcy court ordered Ms. Snavely to dismiss her state court actions for these two easements that she claimed. Wait a minute, on that first appeal, the one that you say was an appeal of the 363-F order. Our memorandum disposition says that she appeals two orders. The first declared a state judgment null and void and awarded sanctions for Snavely's violation of the automatic stay. The second order denied Snavely's motion to modify the automatic stay and granted, in part, her alternative motion to annul the stay. And then we say subsequent events make it impossible in a fashion of remedy, so it's moot. It's not clear to me from that language whether that was an appeal of the 363-F order that freed the land from encumbrances. I assume you're looking at the same thing I am. I'm looking at excerpts of record, page 196 to 97. Your Honor, the- Not for publication. Memorandum disposition of this court in 0235248. Counsel, would you concede that the order of the bankruptcy court selling this property free and clear of encumbrances does not even reach this claim to prescriptive easement? Aren't they talking of encumbrances of record? No, Your Honor. The encumbrances of record typically survive a 363-F sale. And that's the encumbrances of the easements for the power companies and for streets and for driveways and whatnot. Do you know that an easement, a prescriptive easement can be asserted against a successor buyer? Well, it- Well, just a minute, stay with me a minute. Yes, sir. All she had, in my view, was a claim to a prescriptive easement and the right to try to enforce it. Under the law, a prescriptive easement can be asserted against a successor buyer who bought without notice and without any record easement if that party can establish a requisite for a prescriptive easement. So my question to you was that this order of the bankruptcy court, free and clear of all encumbrances, maybe does not even reach a claim of a prescriptive easement which is nowhere recorded and which is not even known about except maybe by a few people. Well, your honor, at the time of the 363-F sale, Snavely clearly knew that she had a claim of prescriptive easement. And furthermore, I agree completely with the court that until that claim is adjudicated, it hasn't ripened into an easement of record. And 363-F4 provides for a sale free and otherwise that someone might claim in property so long as that interest is subject to a bona fide dispute. Now, Snavely has- Yeah, but she had no interest. Well, she has to conceive that there's a bona fide dispute regarding the prescriptive easement. I don't see that. Here's what I'm thinking. I'm thinking of a real neighborhood where there are exceedingly steep hills and that there's snow and ice nine months of the year, my neighborhood, and just about everybody's driveway cuts off the corner of the next lot over. Everybody knows it.  It'd be a big nuisance because nobody could get out of their driveways in the winter if their driveways didn't cut off the corner of the next lot. And there's no question that those have the adversity necessary for prescriptive easement because they're going over somebody else's property. There's also no question that they're undisputed. Everybody's just living with it because it's the only practical thing to do. Well, Your Honor, one of the requirements, as I understand it, for hostility or adversity. Yeah, but hostility and adversity doesn't mean you're yelling at each other. It just means you can't use your property to grow, I don't know, ice worms. Because I'm using it to drive my car over every morning to go to work. And I think that's just a neighborly accommodation, Your Honor, and Montana law is crystal clear. If there's consent, if what you do is you go to the neighbor and you say, let me pay you a dollar a year to have my driveway go over a corner of your property. Then there's no adversity. And there need not be consideration, Your Honor. If there's an implied consent, I can see that you're doing it, and I'm doing it, and everyone in the neighborhood is doing it. It's a case of a neighborly accommodation. In this particular instance, that's not the case, Your Honor. I think you've defeated adversity so that there's no prescriptive easement. And somebody can up and say, after 30 years of the driveways being that way, that now you gotta move your driveway. And you do have to prove by clear and convincing evidence in Montana, Your Honor, that it was adverse. And if you can't prove that, then you can't have the prescriptive easement. But in this particular case- We're talking here about the opportunity to prove it. Now, you claim has been excluded by this order. Well, under Montana law, encumbrances are defined as anything that would reduce the value of land, be it a use or something else. And an easement fits that description because if I have an easement across your property, you have to leave it open for me to use it. Now, you can occupy it in some way that doesn't interfere with my use. But you can't put a factory there or a structure. You can't put your mailbox there. Exactly, you can't interfere with my use. And that, consequently, limits the use of the landowner to dispose of the property as he or she sees fit, and therefore limits its value. And so under Montana law, an encroachment equals an easement. And in this particular case, that should have been recognized. Ms. Navely is pleading ignorance of the effect of the order as her excuse for not appealing that issue, not asking for the judge to reconsider the end encumbrance language, and not asking for the appellate court- You have some authority to show your adversary said encumbrances just means leaves, it doesn't mean prescriptive easements. You have some authority to show the contrary, that encumbrances does mean prescriptive easements. Well, with regard to easements in general, Your Honor, there's Montana case law, and it's cited in our brief, that talks about easements and encumbrances being equivalent. And there are several cases where that's assumed in the language of the court. But there's also a specific case that says an encumbrance is anything that limits the value or the use of the property. And it talks about an easement being- Which case was that? Your Honor, I can't think of the name of it off the top of my head. It is in my brief, and we've block quoted from it, and I apologize for that oversight. But it specifically holds- I was hoping you would do some of the work for us. Yes, sir, it's there, and we've discussed it at some length. Is that Kasner?  I believe that's correct, Your Honor. It is indeed Kasner, and it's cited in the Agostino v. Schaap case, and that's 748p2 466. It's cited at page 29 of the brief. Your Honor, the last aspect of this case that's on appeal is the question of the sanctions. Now, you've heard Ms. Navely's counsel concede today that the easements that were requested across the partition property should never have been sought in the state court action. That alone, it seems to us, is sufficient to concede that an injunction should have been issued in order to stop that. I mean, she should have asked for that express easement, and she claimed it not by prescription but by the expression of an unrecorded document. That should have been sought in the partition action. It wasn't, and she wasn't allowed to go back to the state court and ask for the same relief that she now concedes she should have requested in the partition action. And furthermore, with respect to the 363F order, that was appealed, and I believe that I'm correct in saying that it was 03-357-88 that was dismissed as moot. But in any event, if I'm saying- Oh, I was looking at the wrong case then. Read that number again. Yes, sir. Case number 03-357-88. That was the appeal of the 363F order. The issue of whether encumbrances were to be- whether the sale was to be free and clear of encumbrances was not raised in that appeal. In any event, even if it had been, that appeal was dismissed as moot, and it was dismissed as moot as once again- or on the basis once again because the land has been sold, the money's been paid, and the money's been disbursed to creditors. With respect to the mootness in this case, there's no remedy that this court can fashion and say it reverses the bankruptcy court. Ms. Daly goes back to the state court. She cannot reinstate her complaint at the state court level because she- She dismissed it. She dismissed it with prejudice. And Montana case law is clear that you can't reinstate or you can't file again once you dismiss with prejudice. Could you back up just a second to that dismissal of her appeal in this court? What I was looking at was the one in the appellee's supplemental excerpt of record. Is this subsequent dismissal of an appeal in the excerpts or supplemental excerpts? Your Honor, the final order of dismissal came out in July of this year, so it would have been subsequent to the submission of the excerpts of the record. But I want to go back to the argument about the Poth case that's set forth in page eight of the reply brief, when Ms. Daly argues that she can go back and reinstate or refile her complaint if, in fact, the bankruptcy court is reversed in this matter. And the Poth case doesn't say that. The Poth case is about malicious prosecution, and the issue in that particular instance was whether there had been a dismissal in favor of the defendant. And the dismissal in Poth was without prejudice, not with prejudice. And the question there was whether a dismissal without prejudice favored the defendant. Here what we're talking about is finality. Was there a final outcome in this case? Dismissal with prejudice was the final outcome in this case in the state court. And similar to the Tebow case that we talk about in our brief and similar to the Honig case we talk about in our brief, we go back to the state court. If this bankruptcy court order is reversed, we go back to the state court. They file a new complaint, and we go in and argue that the court has raised judicata. She dismissed with prejudice. She did so voluntarily. She could have stayed the order required here to dismiss, sought a stay, deposited a bond. She didn't do any of that. She complied. She complied with the injunction. There's nothing left for us to fight about. She did what she asked. She can't refile. And she certainly can't refile with respect to the express easements on the partition property, but likewise with respect to the prescriptive easements. That case is resolved, and it's resolved forever. Your Honor, I thank the court for its attention. Unless there are further questions, we'd ask that the bankruptcy court be affirmed. Thank you, counsel. I thought you were asking us to dismiss the appeal. We are also asking that you dismiss the appeal. No, but in the alternative, should you find that the case is not moved, that we ask that you affirm the bankruptcy court. Okay. Excuse me. Thank you. The underlying state court action was dismissed by Snavely, but to characterize it as voluntary is stretching the word voluntary beyond any reasonable limit. She did it to purge herself of a sanction, correct? Yes. She was, the bankruptcy court ordered. She had that choice. She didn't have to purge the sanction. Well, the sanction was she could either be sanctioned $100,000 or she could dismiss. That's a choice. That is a choice, Your Honor, but that's not a very good choice. And that's, I mean, that's a choice like having a gun to your head and saying you can pull the trigger or you can go into court and withdraw the complaint. What does it matter? Dismissal without prejudice means it's all over unless you appeal and the appellate court says it was wrong. Well, we think it's not moot for two reasons. One is we think we can go back to state court and we ought to be given a chance to go back to state court and argue about the preclusive effect of the dismissal. How do you go back? I mean, with prejudice means it's final and with preclusive effect. And the way to beat that is not to bring another case, but to appeal. Well, Your Honor, if this court rules that Snavely's prescriptive easement claims were not eliminated through this order or through the Chapter 11 plan, she can go back to bankruptcy court. She can ask that the injunctions be dissolved. She can then go into state court and refile her claims. They're free to make their arguments about race judicata and the effect of the dismissal. And I think we would be free to argue that the dismissal was not voluntary and that there should be no race judicata effect resulting from the dismissal under the particular circumstances in this case. She was compelled to dismiss, coerced, and that isn't voluntary. While you've still got a minute left, any response to Gassner? I didn't see it in the reply brief. Well, the concept of an encumbrance, this court in the Goldman case, which is cited in the appellee's brief, said that the term encumbrance is ambiguous. And in that case involves some Indian allotment disputes about whether land that was released from trust was subject to county zoning regulations. I think it's Goldman versus Snohomish County. And the appellees point out that, therefore, an encumbrance, anything that limits the use of the land is an encumbrance. Land use regulation is therefore an encumbrance, which was the essential holding in Goldman. In this case, that means that the land that they purchased wouldn't be subject to land use regulations of Missoula County because that's an encumbrance, and it was sold free and clear of the encumbrance. Missoula County was a creditor. They also said that encumbrances of record survive, but there's no authority for that. There's no distinction between encumbrances of record or not of record. If an encumbrance is an easement, and if an encumbrance is anything of record, and there's a motion to sell free and clear of those things, and those get wiped out whether they're of record or not. And so to create a distinction that encumbrances of record survive is false. Nowhere does a bankruptcy code hold that. Thank you, Counselor. Thank you. Snavely versus Miller is submitted. We'll now recess for ten minutes so
judges: Kleinfeld, Graber, Rafeedie